[No. 1869.]

WOODS ET AL., PARTNERS AS THE VICTOR BANKING CO., v. CHELLEW.

1. APPELLATE PRACTICE—ABSTRACT OF RECORD—INSTRUCTIONS.
Assignments of error based upon instructions given will not be considered when the instructions are not printed in the abstract of record and no reference is made to any particular one.

2. SAME.
Where the abstract of record does not contain the pleading or evidence, or the instructions given, assignments of error based on instructions requested and refused will not be considered although they correctly state, generally, abstract propositions of law.

3. APPELLATE PRACTICE—ABSTRACT OF RECORD—EVIDENCE.
Where the abstract of record does not contain the pleading nor the entire evidence, the appellate court will not consider the question as to whether the verdict was sustained by sufficient evidence.

4. PRACTICE—PLEADING—PRESUMPTION.
Upon an assignment of error that the court permitted plaintiff to file a replication during the course of the trial, in the absence of any suggestion to the trial court or to the appellate court that appellant suf-

fered injury thereby, it will be presumed that there was no abuse of discretion by the trial court.

*Appeal from the District Court of El Paso County.*

Mr. BRUCE GLIDDEN and Mr. J. W. SHEAFOR, for appellants.

Mr. H. W. FOSTER, for appellee.

WILSON, J.

Neither the complaint nor answer appear in the abstract in this case. From the brief and imperfect synopsis of them which it contains, we gather that the plaintiff was a depositor in the bank of the defendants, and that the suit was brought to recover a balance which he claimed was owing to him, and which he alleged that defendants had wrongfully converted to their own use, and also to recover damages which he claimed to have suffered by reason of the defendants' refusal to pay certain checks which plaintiff had given against his account. The answer was a denial that any of the moneys of plaintiff had been converted to the use of the defendants, and also an admission that payment had been refused of certain checks, but giving as a reason therefor that each of them was in excess of the amount on deposit to the credit of plaintiff. We surmise from the few brief extracts from the evidence contained in the abstract, that the firm of which the plaintiff had been a member, was indebted to the defendants for certain overdrafts, and that the appropriation by the bank of the plaintiff's deposit was to pay this. If this be correct, the main question in issue was one of fact,—whether the plaintiff had authorized such appropriation to pay the overdrafts. Trial was to a jury, and verdict was in favor of the plaintiff for the amount which he claimed to have had on deposit, and which he alleged that the bank had wrongfully used. The element of damages to plaintiff's business and reputation for failure to pay his checks when presented seems to have been

eliminated from the case. In any event, it does not appear to have been considered by the jury, if it was urged at all.

The first contention of the defendant is that the court erred in its instructions to the jury. Not a solitary one of these instructions is printed in the abstract, and no reference is made to any particular one. The court refused to give two instructions asked by the defendants, and these appear in the abstract. To this refusal, defendants assign error. They correctly state, generally, abstract propositions of law, but whether they were applicable to the issues involved in this case, we are utterly unable to say for the reason that the abstract does not set forth either the pleadings or the evidence. Besides, for aught we know, they may have been substantially embraced in the instructions which the court did give.

Defendants further contend that the verdict was not sustained by sufficient evidence, and that their motion for nonsuit should have been allowed. Even if this were a case where we would feel at liberty to disregard the verdict of the jury upon questions of fact, we certainly should not undertake to do so without an examination of the entire evidence and also the pleadings. The abstract contains none of these.

It seems that the court permitted the plaintiff to file a replication during the course of the trial. Defendants claim this to have been reversible error. Under the provisions of the code, the trial court is allowed great latitude in matters of this kind, and in the absence of any suggestion to the trial court or to this court that the party suffered any injury by reason of this permission being granted, we must presume that there was no abuse of discretion by the court.

There are a number of other assignments of error, but those to which we referred practically embrace all, and are all to which it is necessary for us to refer. Rule 19 of the rules of this court reads as follows:

"If the abstract filed shall not present the parts of the record to which reference is made in the assignment of errors, the appeal or writ of error may be dismissed."

It will be seen from what we have said that there has been an entire failure on this appeal to comply with this rule. We never feel disposed to enforce it where there has been an attempt to observe it and counsel, through mistake or inadvertence, may have omitted something which ought to have been inserted in the abstract. Where, however, there has been an entire failure, as in this instance, we feel that justice to ourselves, the pressure of a crowded docket and fairness to other litigants, the hearing of whose causes should not be unnecessarily delayed, demand that the court should require an observance of the rule.

There is nothing presented in this abstract which under the well established practice of this court, and under the rule which we have cited, we could consider. The burden is upon appellants to show reversible error, and they having failed to do so in this instance, the judgment will be affirmed.

*Affirmed.*